UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale
Case No. 98-8485-CIV-Seltzer

CHERYL DERY-GRIFFIN,

    Plaintiff,

-vs-

CITY OF RIVIERA BEACH,

    Defendant.

_____/



FILED by ___ D.C.
INTAKE
JUL 19 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## VERDICT

*Please read carefully and mark your answers to the following questions as appropriate. After you have answered all applicable questions and filled in all applicable spaces, sign and date the form and notify the Court Security Officer that you have concluded your deliberation.*

### A. GENDER DISCRIMINATION - HOSTILE WORK ENVIRONMENT

**Do you find from a preponderance of the evidence:**

1. That the Plaintiff was subjected to a hostile or abusive work environment because of her gender?
    Answer Yes or No    **YES**

2. That such hostile or abusive work environment was permitted by a supervisor with immediate or successively higher authority over the Plaintiff?

   Answer Yes or No      Yes

3. That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment?
   Answer Yes or No      Yes

**Note**: If you answered No to any one of the preceding three questions, you need not answer the remaining questions in Section A.

4. That the Defendant exercised reasonable care to prevent any sexually harassing behavior in the workplace?
   Answer Yes or No      No

5. That the Defendant took reasonable and prompt corrective action after the Plaintiff took advantage of the preventive or corrective opportunities provided by the Defendant?
   Answer Yes or No      No

If you reached questions 4 and 5, and then answered "No" to either question 4 or 5, then your verdict is for the Plaintiff on the hostile work environment claim.

If you did not reach questions 4 and 5, or if you did reach questions 4 and 5 but your answer is "Yes" to both questions, then your verdict is for the Defendant on the hostile work environment claim.

## B. GENDER DISCRIMINATION – TERMINATION

**Do you find from a preponderance of the evidence:**

1. That the Plaintiff's gender was a substantial or motivating factor that prompted the Defendant to discharge her from her employment?
   Answer Yes or No      Yes

**Note:** If you answered No to Question No. 1, you need not answer the remaining question in Section B.

2. That the Plaintiff would have been discharged from employment for other reasons even in the absence of consideration of the Plaintiff's gender?

      Answer Yes or No      _No_

If you reached question 2, and your answer is "No" to question 2, then your verdict is for the Plaintiff on the termination claim.

If you did not reach question 2, or if you did reach question 2 but your answer is "Yes" to question 2, then your verdict is for the Defendant on the termination claim.

## C.  RETALIATION

Did Plaintiff prove by a preponderence of the evidence the essential elements of her claim that the City of Riviera Beach retaliated against her by terminating her employment? That is, did Plaintiff prove by a preponderance of the evidence that the City of Riviera Beach's non-retaliatory reason was a mere pretext and that the true reason for terminating Plaintiff's employment was because of her complaints of unlawful discrimination.

  YES __X__     NO _____

If you answered "YES" to Question 4, your verdict is for the Plaintiff on her retaliation claim.
If you answered "NO" to Question 4, your verdict with respect to this claim is for the City of Riviera Beach.

## D.  NEGLIGENT RETENTION & TRAINING
1. Did the Plaintiff prove by a preponderence of the evidence

3

the essential elements of her claim that the City of Riviera Beach was negligent in retaining and supervising Officer Brent Kaplan? That is, did the Plaintiff prove by a preponderence of the evidence:

    a) that the City had either actual or constructive knowledge that Officer Brent Kaplan was unfit to perform his duties.

YES __X__   NO_____

    b) that the City failed to take appropriate action.

YES __X__   NO_____

    c) that Officer Brent Kaplan committed a tort that damaged the Plaintiff as a result.

YES __X__   NO_____

    d) that the City failed to exercise the level of care which, under all the circumstances, a reasonable prudent person would exercise in retaining an employee for the particular duties to be performed.

YES __X__   NO_____

If you answered "YES" to Question 1(a), 1(b), 1(c), **and** 1(d), your verdict is for the Plaintiff on her negligent retention and training claim.

If you answered "NO" to Question 1(a), 1(b), 1(c), **or** 1(d), your verdict with respect to this claim is for the City of Riviera Beach.

**E.   DAMAGES**

4

7.   Answer the following damages questions only if you found for Plaintiff on any of her four claims - hostile environment, termination, retaliation, or negligent retention and training. If you found the City of Riviera Beach on all of the claims, then do not answer the damages questions.

We assess the following damages against the City of Riviera Beach:

$ _108,000.00_ In past lost wages and other employee benefits.

$ _216,000.00_ In ~~past~~ ~~future~~ emotional distress and mental anguish.

(Fill in an amount of damages only if you found for Plaintiff. If none, enter "0".)

SO SAY WE ALL.

DATED this _19th_ day of _July_, 2002, at Ft. Lauderdale, Florida.

*Elizabeth R. Kraus*
FOREPERSON

5